IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-439-WKW-SMD |
| | ) |
| GEICO INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is *pro se* plaintiff James L. Robinson's Complaint against Geico Insurance Company. (Doc. 1). This Court granted Plaintiff leave to proceed *in forma pauperis* and stayed service of process pending § 1915(e) review. (Doc. 5).

On November 18, 2019, as part of the Court's § 1915(e) review, the undersigned granted Plaintiff leave to amend his Complaint because the factual allegations in the Complaint failed to establish that this Court had subject matter jurisdiction over his claims (Doc. 10). The undersigned gave Plaintiff until December 9, 2019, to file an amended complaint that addressed the Court's concerns regarding jurisdiction. The undersigned specifically warned Plaintiff that his failure to file an amended complaint as required by the undersigned's order "**will result in the undersigned's recommendation that this case be dismissed for failure to prosecute this action and abide by the orders of the Court**." (Doc. 15) at 6

1

(emphasis in original). As of this writing, Plaintiff has failed to comply with the undersigned's directive, and has not filed an amended complaint.

The undersigned determines that Plaintiff's failure to comply with court orders warrants dismissal with prejudice. *See, e.g., Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980)[1] ("[Federal Rule of Civil Procedure] 41(b) provides that a case may be dismissed for failure to prosecute. Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."). Failure to prosecute includes failing to comply with the Court's orders. *See, e.g., Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974). Accordingly, it is the

RECOMMENDATION of the undersigned that this case be DISMISSED with prejudice for failure to prosecute and abide by court orders. It is further

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before December 31, 2019**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 17th day of December, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE